UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20437-CR-Scola/Garber

UNITED STATES OF AMERICA,

v.

QUINTON HOWARD,

    Defendant.
_____/

## **ORDER**

THE COURT has received the defendant's Supplement to Previously Filed Motion to Suppress Search of Residence [DE 43] wherein the defendant has requested a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).  The Court has also received the government's response in opposition. [DE 48].  No hearing was held on said Motion.

This cause began as a state matter in which Detective Dennis Colon of the Metro-Dade Police Department utilized a confidential informant (CI).  Detective Colon, following the use of the CI in the purchase of controlled substances from the defendant, executed an affidavit in state court wherein he alleged the use of the CI.  A search warrant was issued by Judge Lawrence King of the state Circuit Court authorizing the search of the defendant's residence.  The defendant was charged in state court.  He was represented by the Public Defender who sought discovery from the state.  A portion of the discovery provided reflected that the state claimed that no information in their investigation had been provided by a CI.  Based upon the statement in the affidavit used to obtain the search warrant in the state matter, it is clear to this Court that the discovery stating that a CI was not used was a clerical/typographical error.  (*See* Exhibit B attached to the government's response.)

The defendant claims that "there is the possibility that the affidavit used to procure the warrant included possible false statements or statements made with reckless disregard for the truth."[1]  The case of *Franks v. Delaware*, 438 U.S. 154 (1978) sets forth the standards for judicial review of alleged false statements in an affidavit for a search warrant. First, to mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. *Id*. There must be allegations of deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. *Id*. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. *Id*. If, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. *Id*.

Thus, pursuant to *Franks,* a challenge to the veracity of the subject affidavit in this cause may be asserted only if the challenger makes a substantial showing that (1) Colon deliberately lied or recklessly included "possible false statements" and (2) that the inclusion of those facts adversely affected the finding of probable cause. *United States v. Novaton,* 271 F.3d 968, 986-87 (11th Cir. 2001). Such challenged statements must be material no "matter how deliberate or reckless the misrepresentations were." *Id*. at 987. Both of the two prongs set out in *Franks* must be satisfied in order to require a *Franks* hearing.

As previously stated, the Court is satisfied that a discovery exhibit prepared by the State Attorney's office was clearly in error when it represented that a confidential informant did not provide any material or information. The affidavit upon which the search warrant

---

[1] Defendant's Supplement to Previously Filed Motion to Suppress Search of Residence, at ¶5.

was obtained in this cause very clearly reflects that the affiant "received information that narcotics were being sold/stored inside the 'Premises' from a confidential informant." [DE 12, 45].

Based upon the foregoing, the defendant has failed to establish his entitlement to a *Franks* hearing. Nothing supports a finding that the affidavit for the search warrant in this cause contained deliberate falsehoods or a reckless disregard for the truth. Accordingly, it is hereby

ORDERED that the defendant's Motion Pursuant to *Franks v. Delaware* is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 22nd day of October 2013.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE