UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20437-CR-Scola/Garber

UNITED STATES OF AMERICA,

v.

QUINTON HOWARD,

    Defendant.
_____/

## ORDER

    THE COURT has received an Order of Reference from United States District Judge Robert N. Scola, Jr. [DE 108] as to the defendant's Motion for Reconsideration of Court's Order Adopting Magistrate's Report and Recommendation and Denying Appeal of the Orders Denying Defendant's Motion to Suppress Search of Residence and Request for *James* Hearing [DE 106], which the District Judge has construed to be a Renewed Motion for a *Franks* Hearing. Following such reference, the Court held a hearing on December 18, 2013 to consider the defendant's claims regarding the *Franks* issue. The defendant also filed a Supplement to his Motion for Reconsideration, etc. [DE 117] to which he appended documents to be considered by the Court. The government filed responses to each of the defendant's aforesaid submissions.

    In reading and considering the defendant's Motion for Reconsideration, etc. and Supplement thereto, the Court finds itself recalling the words of a famous song rendered by Frank Sinatra, the title of which is *I've Heard That Song Before*.[1] The arguments raised

---

[1] Music by Jule Styne, Lyrics by Sammy Cahn (1942).

by the defendant, in his Motion for Reconsideration and Supplement, are those that have previously been considered by the Court as set forth in an earlier Report and Recommendation and adopted by the District Judge in his Order of Affirmance [DE 91]. Thus, the District Judge found that "nothing in the record supports a finding that the detective (Dennis Colon) deliberately lied or recklessly included possible false statements in his affidavit for a search warrant." *Franks* requires a preliminary showing that an affiant executed an affidavit for a warrant which contained a false statement or that such false statement was made with a reckless disregard for its truth, before a hearing on such issues would be warranted. The defendant had not satisfied such mandates.

The defendant makes reference to changes, additions, modifications, or alterations of data from various documents obtained from the government, claiming that these constitute an alteration of evidence. Such changes, additions, modifications, and alterations had been previously considered by the Court and rejected. The Court had also previously rejected the defendant's claim that evidence had been altered because of the presence of additional signatures on the copy provided at the Discovery Conference.

In his Supplement [DE 117] the defendant relies upon notes taken by former Assistant State Attorney Brian Meola, during a phone call with Assistant United States Attorney Jodi Anton, wherein he wrote, "CI not reliable." This conversation came about because of the federal government's decision to proceed with its own charge against the defendant. The Court finds it difficult to accept the fact that the government, wanting to charge the defendant federally, would have stated that the CI, upon whom the government would rely, was not reliable. Mr. Mola testified that he did not recall whether Assistant United States Attorney Anton made such specific statement.

The Court finds that the defendant's claims, which he contends should result in the

granting of the Motion to Suppress, are insignificant and immaterial misrepresentations or omissions which would not invalidate the warrant and search in this cause. *United States v. Reid*, 69 F.3d 1109 (11th Cir. 1995); *United States v. Glinton*, 154 F.3d 1245 (11th Cir. 1998).

The Court has not been shown any basis for a reconsideration of the District Judge's Order affirming and adopting the Report and Recommendation for a denial of the defendant's Motion to Suppress and denying the Motion for Disclosure of the Confidential Informant. Accordingly, and for the reasons set forth herein, consideration of the record and submissions of the parties, it is hereby

ORDERED that the defendant's Motion for Reconsideration, etc. [DE 106] is DENIED.

**Inasmuch as the cause is set for trial to commence on January 13, 2014, any objections to this Order shall be filed on or before January 9, 2014, and shall be considered by District Judge Robert N. Scola, Jr. prior to the commencement of the trial.**

DONE AND ORDERED in Chambers at Miami, Florida this 7th day of January 2014.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE